judgment for plaintiff for $246.65, defendant prosecutes this writ of error.

GEORGE W. WILBUR, for plaintiff in error.

HOYNE, O'CONNOR & IRWIN, for defendant in error; CARL J. APPELL and HEYMANN F. TUCKER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 597*—*how far succeeding corporation liable for predecessor's debts.* The liability of defendant corporation for the obligations of a former corporation which it succeeded and the relations of individuals thereto, *held* to have been settled in *Quinlan v. Almini Co.*, 191 Ill. App. 568.

2. PLEADING, § 1*—*when use of foreign words immaterial.* In an action to recover for goods sold and delivered, where it appears that an account contained in plaintiff's pleadings stated the amount due plaintiff in terms of francs and centimes is not an infraction of the constitutional requirement that all court proceedings shall be in the English language, notwithstanding the fact that such statement would be a statement of French money, for the reason that defendant could not have been misled thereby, especially where the same pleading also shows the American equivalent for such French money, and where it does not appear that the statement of such equivalent was incorrect.

3. SALES, § 329*—*when evidence sustains recovery.* In an action to recover for goods sold and delivered, evidence examined and a finding and judgment for plaintiff *held* sustained by the evidence.

---

## Louis Friedman, Defendant in Error, v. Schreiber Brothers Company, Plaintiff in Error.
### Gen. No. 20,538.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Louis Friedman, plaintiff, against the Schreiber Brothers Company, a corporation, defendant, in the Municipal Court of Chicago, to recover on a contract of employment, executed by both parties to the action, which was in the following words:

"Memorandum of agreement made this 21st day of August, 1912, by and between Louis Friedman, of the City of Chicago, County of Cook and State of Illinois, party of the first part, and Schreiber Brothers Co., a corporation, duly organized under the laws of the State of Illinois, party of the second part, witnesseth:

"That the said party of the second part hereby employs the said party of the first part in the capacity of Foreman, Rectifyer and Supervisor of the business of said corporation, for which said corporation agrees to pay said party of the first part for such services the sum of Twenty-seven Dollars and Fifty Cents ($27.50) every week, said payments to begin on September 1st, 1912, and every week thereafter to September 1st, 1913; and the sum of Thirty Dollars ($30.00) every week beginning from September 1st, 1913, to September 1st, 1914; all of above mentioned payments are to be made on Friday of each week.

"The said party of the first part agrees during the time of this contract not to engage in any other line of business, and shall receive two weeks vacation each year with full pay."

Plaintiff was discharged by defendant December 10, 1913, without cause, and received, substantially, payment at the rate fixed by the contract to the time of such discharge. He was again employed February 14, 1914.

Defendant tendered to the court propositions of law to the effect that the contract was void for want of mutuality and indefiniteness, and that it was terminable at defendant's pleasure, and that therefore plaintiff could recover only for the time he actually worked.

To reverse a judgment for plaintiff for $500, defendant prosecutes this writ of error.

HARRY G. WEXLER, for plaintiff in error; HYMAN SOBOROFF, of counsel.

DULSKY & DULSKY, for defendant in error; EDWARD H. TAYLOR, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 3*—*when contract not void.* In an action to recover on a written contract of employment, contract construed and propositions of law to the effect the contract was void for want of mutuality and indefiniteness *held* properly rejected by the trial court as not correctly stating the law of the case.

2. MASTER AND SERVANT, § 14*—*when contract not determinable at will.* In an action to recover on a written contract of employment, contract construed and *held* that a proposition of law to the effect that the contract was terminable at the pleasure of defendant, and that plaintiff could recover only for the time he worked thereunder, was properly rejected as not correctly stating the law of the case.

3. MASTER AND SERVANT, § 14*—*when contract construed as for definite period.* A contract providing that plaintiff shall be employed by defendant and requiring defendant to pay to plaintiff for his services a stated sum each week, commencing at a named date and continuing thereafter until a named date, is susceptible only of the construction that the term of such contract is intended to be two years, where it appears that the mutual covenants of the contract continue over a period of two years, although such period is nowhere therein stated as the term thereof, since equivalent words are found in such contract.

4. MASTER AND SERVANT, § 14*—*when terms employed indicate contract for definite period.* Where a contract of employment does not in express words state the term during which the contract is to operate, but provides for a series of payments to be made each week without interruption during a period which is in fact two years, and which also provides that plaintiff "is to have two weeks

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

vacation in each year with full pay," *held* that there was no ambiguity in the contract; "each year," as used therein meaning "each year" of a two years' contract.

---

## Davella Martin, Appellant, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 20,823.

1. INSURANCE, § 667*—*when medical testimony not discredited by testimony of plaintiff.* In an action to recover on a policy of accident insurance wherein plaintiff, the wife of deceased, was named as beneficiary, plaintiff cannot be heard to discredit a medical witness of defendant who testifies that deceased's death was caused by fatty degeneration of the heart, superinduced by chronic alcoholism, where it appears that plaintiff previously had secured a divorce from deceased on the ground of drunkenness, in which action she testified and procured others to testify that deceased was an habitual drunkard, and where it appears that such decree of divorce was granted on the faith of the verity of such testimony.

2. INSURANCE, § 667*—*when evidence insufficient to show accidental death.* In an action to recover on a policy of accident insurance conditioned to pay to the beneficiary named therein a sum of money "in case of bodily injury or injuries received through violent and accidental means, which shall independently of all other causes result in the death" of insured, where the only evidence of an accident was that deceased arose in the night exclaiming, "Oh, my God!" and falling, struck a chiffonier resulting in cuts of the lip and nose, with profuse bleeding, a peremptory instruction for defendant *held* not erroneous, there being medical testimony that the cause of deceased's death was fatty degeneration of the heart superinduced by chronic alcoholism, and where it appeared that deceased told a physician that he had heart trouble and carried strychnine to stimulate his heart action.

3. INSURANCE, § 667*—*when evidence nsufficient as to cause of death.* In an action to recover on a policy of accident insurance conditioned to pay a sum of money to the beneficiary named therein in case insured came to his death "through violent and accidental means, independently of all other causes," where there was evidence that the cause of death was fatty degeneration of the heart super-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.